# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | | |
|---|---|---|
| **APRIL CUNNINGHAM** | : | |
| **1032 Carlisle Avenue** | | |
| **Louisville, KY  40215** | : | |
| | | |
| Plaintiff, | : | **Case No.**   3:18-cv-639-CRS |
| | | |
| vs. | : | **Judge:**   Senior Judge Charles R. Simpson III |
| | | |
| **LIFE INSURANCE COMPANY OF** | | |
| **NORTH AMERICA** | : | |
| **Cigna Legal** | | |
| **Attention:  Donna Gaudet** | : | |
| **Incoming Legal Coordinator** | | |
| **900 Cottage Grove Rd., B6LPA** | : | |
| **Hartford, CT  06152** | | |
| | : | |
| and | | |
| | : | **COMPLAINT** |
| **AMERICAN NURSING CARE LONG** | | |
| **TERM DISABILITY** | : | |
| **1700 Edison Dr., Suite 300** | | |
| **Milford, OH  45150** | : | |
| | | |
| And | : | |
| | | |
| **AMERICAN NURSING CARE LIFE** | : | |
| **AND STD PLAN** | | |
| **Trustee of the Group Insurance Trust** | : | |
| **For Employers in the Services Industry** | | |
| **Cigna Legal** | : | |
| **Incoming Legal Coordinator** | | |
| **900 Cottage Grove Rd., B6LPA** | : | |
| **Hartford, CT  06152** | | |
| | : | |
| **Defendants** | | |

1

## JURISDICTION AND VENUE

1.      Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, 29 U.S.C. § 1132(e)(1) and 1132(f).  These provisions give district courts' jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans.  In this case, Plaintiff, April Cunningham, asserts a claim for group long term disability benefits and term life insurance waiver of premium benefits available under Plans provided for employees of American Nursing Care, Inc. dba Consolidated Health Services known as the American Nursing Care Long Term Disability Plan (hereinafter referred to as "LTD Plan") and the American Nursing Care Life and STD Plan (hereinafter referred to as "Life Plan"). The Plans and Policy documents should be included in the Administrative Record that will be filed with this Court; the documents are too voluminous to file.   This action may be brought before this Court pursuant to 28 U.S.C. § 1331 which gives district courts' jurisdiction over actions that arise under the laws of the United States.

2.      The ERISA statute provides, at 29 U.S.C. § 1133, for a mechanism for administrative or internal appeal of benefit denials.  Plaintiff has exhausted these avenues of appeal.

## NATURE OF ACTION

3.      Plaintiff, April Cunningham, seeks an award of long term disability benefits and term life insurance waiver of premium benefits, pursuant to an Employee Welfare Benefit Plan ("Plan") providing group disability and term life insurance benefits to employees of American Nursing Care, Inc.  This action seeking recovery of benefits is brought pursuant to § 502(a)(1)(B)

of ERISA, 29 U.S.C. § 1132(a)(1)(B) as well as § 502(A)(3), which alleges a breach of fiduciary duty for denying Plaintiff's claim for continued insured status in a term life policy while disabled. Plaintiff also seeks to enforce the right to future benefits and to require Defendants to account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff is now disabled but was an active employee under the Plan and eligible for benefits as a qualified employee when her medical condition deteriorated and she could no longer work. Venue is proper in the Western District of Kentucky at Louisville, because Plaintiff resides in and the contract was breached in Louisville / Jefferson County, Kentucky.

5. At all times relevant hereto, the term life insurance plan constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7). The plan is an insurance trust and benefits are paid through an insurance policy issued by Life Insurance Company of North America / CIGNA to an unnamed Trustee. The governing state law for this policy is Delaware.

6. At all times relevant hereto, the long term disability Plan constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). While employed, Plaintiff became disabled and has coverage under the Plan as an employee because she was a participant as defined by 29 U.S.C. § 1002(7). This claim is for and relates to benefits under the foregoing Plan. The governing state law for this policy is Ohio

7. The Plan's "Claim Administration" for long-term disability and term life insurance benefits is run by a Plan Fiduciary, which, upon information and belief, is Life Insurance Company of North America (hereinafter "LINA"). Upon information and belief, long-term disability benefits are paid through a contract of insurance issued by LINA.

## THE EMPLOYEE WELFARE BENEFIT PLAN

8. At all times relevant Plaintiff was employed by American Nursing Care, Inc. in Kentucky and was a plan participant in the Plan established by American Nursing Care, Inc. under ERISA.

9. American Nursing Care, Inc. dba Consolidated Health Services is the Plan Administrator and Policy Holder for the long-term disability benefits. The Policy Holder for the term life insurance plan is Trustee of the Group Insurance Trust for Employers in the Services Industry and the Subscriber is American Nursing Care, Inc. dba Consolidated Health Services.

10. The Plan Administrator has selected Life Insurance Company of North America as claims administrator (hereinafter "LINA"), for both the long-term disability plan and the term life insurance plan.

11. American Nursing Care, Inc. dba Consolidated Health Services, Trustee of the Group Insurance Trust for Employers in the Service Industry, and Life Insurance Company of North America are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g)

(1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

12. LINA is responsible for conducting any ERISA mandated claim evaluation and final review rests with LINA and with no other entity.

13. LINA, upon information and belief, has made all the decisions regarding Plaintiff's claim for waiver of premium term life insurance and disability benefits in this case.

## STATEMENT OF FACTS / HISTORY OF CLAIM

14. Plaintiff worked for American Nursing Care, Inc. as a "Registered Nurse", a highly skilled, medium in physical demand occupation, until March 27, 2015, when she became disabled due to Ehlers Danlos Syndrome. She experiences symptoms that include muscle weakness, pain in her joints, concentration loss / brain fog, migraines and severe fatigue.

15. Plaintiff received short-term disability benefits until September 21, 2015.

16. Long term disability benefits began on September 22, 2015 and were paid until September 22, 2017.

17. The first 24 months of disability payments are paid for the inability to perform Plaintiff's "own occupation" at American Nursing Care, Inc. The definition of disability under the long-term disability policy is as follows:

> "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is: 1. unable to perform all of the material duties of his or her Regular Occupation or a Qualified Alternative; and 2. unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been paid for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is: 1. unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training or experience, and 2. unable to earn 60% or more of his or her Indexed Earnings."

18.     According to this definition, for LINA to find Plaintiff not disabled under the terms of the plan, she would have to be able to perform an occupation that provided a salary of at least $31,452.00 a year ($2,621.00 a month).

19.     The definition of disability relative to the term life insurance waiver of premium claim is:

> "Disability / Disabled means because of Injury or Sickness, an Employee is unable to perform all the material duties of any occupation which he or she may reasonably become qualified based on education, training or experience."

20.     LINA initially denied Plaintiff's waiver of premium term life insurance benefits by letter dated August 9, 2016.  This denial was based on the results of an Independent Medical Examination performed by Dennis McClain, M.D.   Plaintiff, by and through counsel, appealed the denial of waiver of premium benefits in March 2017 by providing updated medical records, updated physician opinion and an updated vocational opinion.  Plaintiff's vocational opinion showed that Dr. McClain's restrictions and limitations, which included **no walking in a work environment**, would preclude her from all forms of work at any physical demand.

6

21. After LINA's review of Ms. Cunningham's appeal, a second denial dated June 20, 2017, of Plaintiff's waiver of premium for term life insurance benefits was issued which was supported by two non-examining file reviews complete by Ben Hur P. Mobo, M.D., an occupational medicine physician and Susan Rosenfeld, M.D., a psychiatrist.

22. Subsequent to the second denial of waiver of premium for term life insurance benefits, LINA issued a denial of Plaintiff's long-term disability benefits. Long-term disability (LTD) benefits were denied as of September 23, 2017, when the long term disability policy's definition of disability changed from "own occupation" to "any occupation." The LTD benefits were denied based upon the results of Dr. Mobo's and Dr. Rosenfeld's non-examining review reports.

23. On January 29, 2018, counsel for Plaintiff submitted an appeal to both the LTD and waiver of premium for term life insurance benefits. This appeal included updated medical records, Ms. Cunningham's Fully Favorable Social Security award, a full copy of Ms. Cunningham's 1172 page Social Security file, as well as an Affidavit from Joseph P. McDonald, Esq., concerning his personal observations of Plaintiff's physical capabilities.

24. LINA again had two non-examining file reviews completed; by an occupational medicine physician and by a psychiatrist. The psychiatrist, Dr. Greer Richardson, opined that there were no restrictions from a psychiatric standpoint and that Dr. Belcourt, the occupational medicine physician, provided restrictions and limitations that allowed for sedentary work.

25. Using the non-examining physician's reviews, LINA completed a Transferable Skills Analysis that concluded that Ms. Cunningham would be able to complete sedentary occupations that included Coordinator, Volunteer Services and Telephonic Triage Nurse, both skilled occupations.

26. LINA denied Ms. Cunningham's LTD and waiver of premium benefits by identical letters dated April 19, 2018.  Administrative remedies were exhausted and Plaintiff commenced this lawsuit to obtain the reinstatement of her benefits.

27. Ms. Cunningham is currently 41 years old.  At the time of her alleged Social Security disability onset date, she was 37 years old, and is considered a person of "younger age" by the Social Security Administration.  There are no special Social Security rules or guidelines used when the claimant is considered a person of "younger age."  In fact, the Social Security Administration relied on Dr. McClain's Independent Medical Examination to support Ms. Cunningham's favorable award of Social Security disability benefits.

## CAUSE OF ACTION I

## CLAIM FOR BENEFITS UNDER 502(a)(1)(B)

28. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 27 of the Complaint.

29. Defendant Plans and LINA failed to exercise the statutorily required duty of care and prudence, failing to administer the long term disability Plan solely in the interests of the

participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plans. LINA and the Plans have arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

30. Defendant LINA has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of long term disability claims, which is to be considered as a factor in the review of any benefit determination. The conflict of interest effected the decision to deny benefits. The conflict allowed LINA to use its own frequently retained consultants, full time medical employees and nurse reviewers and created an overreliance on non-examining physicians' opinions. LINA's medical employees disregarded relevant evidence submitted by Ms. Cunningham with no explanation and denied benefits without using a reasoned process.

31. While Defendant LINA may have the authority to make claims determinations under applicable law and the language of the Policy, LINA's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo*.

32. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

33. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, LINA's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Aetna in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by LINA and an examination of the record reveals that LINA's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

34. LINA and the Plans have violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts: 1) Defendants have ignored overwhelming objective and clinical evidence supplied by Plaintiff which supports her disability; 2) Defendants have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual limitations, which included pain, fatigue and an inability to persist; 3) Defendants have engaged in a selective review of evidence presented by the claimant by ignoring the conclusions and clinical data offered by her treating physicians; 4) Defendants retained the ability to complete a physical exam of Plaintiff, but rather chose to rely on file review reports; and 6) Defendants' conclusions ignore an extensive history of clinical complaints, findings and active treatment.

35. Plaintiff has exhausted her administrative remedies and the Plans still wrongfully deny long term disability benefits to which she is entitled.

36. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

37. The long term disability plan under which the Plaintiff April Cunningham was a participant at the time of her disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

38. ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1).  Under the terms of the Plan, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

39. The Plan Administrator, the Plans and LINA failed to provide a full and fair review under 29 CFR 2560.503-1 thereby depriving Plaintiff of her due process.  See 29 CFR 2560.503-1(g)(1)(v)(A)&(B) and 29 U.S.C. §1132(a). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits.  LINA offered no explanation of why claimant's evidence was insufficient or why the evidence created by non-examining physicians was more reliable.  Failure to comply with the Code of Federal Regulations' requirements deprived Ms. Cunningham of valuable due process protection.

40. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable.  Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

## **CAUSE OF ACTION II**

## **CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(3)**

41. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 40 of the Complaint.

42. Plaintiff Cunningham is owed a fiduciary duty as beneficiary of the term life insurance premium waiver plan and Defendants have breached their fiduciary duty to Plaintiff by failing to administer the plan as written by disregarding evidence favoring Plaintiff.

43. Continuation of Plaintiff's premium waiver life insurance coverage is not dependent upon an exchange of money, rather, only the equitable remedy of reinstatement can force the Defendants to place Plaintiff back into the status as a covered insured who is entitled to continued premium waiver because of her disability status.

44. Defendants are adding terms to its benefit plan that make the delivery of benefits illusory and are engaged in an unlawful rewriting of the plan to defeat Plaintiff's coverage.

45. Plaintiff has exhausted her administrative remedies and the Plans still wrongfully deny benefits to which she is entitled.

46. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

47.     The group term life insurance Plan under which the Plaintiff April Cunningham was a participant at the time of her disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

48.     Plaintiff is entitled to reinstatement of her premium waiver term life insurance coverage because she satisfies the terms of the plan and LINA's rejection of her claim is a breach of their fiduciary duty to Plaintiff under 29 USC 1132(a)(3).

**WHEREFORE**, Plaintiff, April Cunningham, prays for the following relief:

A.   That the Court enter judgment in Plaintiff Cunningham's favor and against Defendants LINA and the Plans and that the Court order the Defendants to account and pay disability income benefits and reinstate term life insurance waiver of premium benefits to Plaintiff Cunningham in an amount equal to the contractual amount of benefits to which Cunningham is entitled;

B.   That the Court order Defendants LINA and the Plans to pay Cunningham's pre- and post judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C.   That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g); and

D.   That Plaintiff recovers all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 26th day of September, 2018

                              */s/ Joseph P. McDonald*

_____
Joseph P. McDonald (OH 0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH  45458
Tel: 937-428-9800; Fax: 937-347-5441
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, April Cunningham